## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BART DAL PONTE, individually and for all
others similarly situated,

               Plaintiff,

               vs.

AMERICAN MORTGAGE EXPRESS CORP.
and AMERICAN RESIDENTIAL LENDING
CORP.,

               Defendants.

Case No. 04-cv-02152 (JEI)

**ORDER GRANTING
PRELIMINARY APPROVAL TO
PROPOSED CLASS SETTLEMENT**

       The parties have submitted a proposed Settlement Agreement (the "Agreement") for the preliminary consideration of this Court. The terms of the settlement, set forth in detail in the Settlement Agreement attached hereto as Exhibit A, are summarized as follows:

       Under the terms of the Agreement, and subject to this Court's grant of final approval of the Agreement, Defendants have agreed to create a fund of $120,000 for distribution to Class members to compensate them for their damages. The distribution from this fund will be on a per loan basis, with each claiming class member receiving the same amount for each qualifying loan up to a maximum amount of $1,200.00 per loan. Thus, the actual amount received by class members per qualifying loan(s) will depend upon the total number of claims filed and will range from approximately $675 (assuming all class members file claims) to the per loan cap of $1200. Class Counsel will also seek the Court's approval of an incentive award of $7,500 for the Representative Plaintiff. Further, subject to the Court's final approval, Defendants will pay Class Counsel's fees and costs up to $130,000, an amount representing a compromise of the statutory attorneys fees and costs which are due to prevailing parties under

the Truth-in-Lending Act ("TILA") and New Jersey Consumer Fraud Act ("NJCFA").  Any

residual funds will be used, with Court approval, to reimburse Class Counsel for administration

of this Settlement, costs incurred during litigation, and to pay reasonable counsel fees not

covered by the compromise amount of fees and costs that Defendants have agreed to pay

separately.  Class members shall release all claims against Defendants arising from alleged

violations of TILA, NJCFA, and common law breach of contract and unjust enrichment arising

from Defendants' lending practices during the summer of 2003.  The parties deem the

Agreement to be in their best interests, and consent to entry of this Order.

      The Court has considered the submissions of the parties regarding the Agreement

in light of the requirements of Federal Rule of Civil Procedure 23, relevant federal precedent,

and the criteria set forth in the *Manual for Complex Litigation – Fourth* (Federal Judicial Center

2006), which provides procedural guidance on the conduct of the settlement approval process in

complex and class actions.  The purpose of the preliminary approval process is to determine

whether a proposed class action settlement is within the range of reasonableness and, therefore,

whether notice to the class members of the settlement's terms and the scheduling of a formal

fairness hearing is worthwhile.  *In re Linerboard Antitrust Litig.*, MDL No. 1261, 2004 U.S.

Dist. Lexis 7202, at *21-22 (E.D. Pa. Apr. 21, 2004); 4 *Newberg on Class Actions 3d*

("Newberg"), § 11.41.  The Court finds that the Agreement meets the criteria for preliminary

approval because a "preliminary evaluation of the proposed settlement does not disclose grounds

to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class

representatives or of segments of the class, or excessive compensation for attorneys, and appears

to fall within the range of possible approval."  4 *Newberg* § 11.25 (quoting *Manual for Complex*

*Litigation – Third* (Federal Judicial Center 1995)).[1]

      Specifically, the Court finds that the Agreement falls within the range of reasonableness: it was reached after several years of intensive litigation and discovery; it is the result of intensive, arm's-length negotiations (with the Court's assistance) between experienced attorneys familiar with the legal and factual issues of this case; all Class members are treated fairly under the Agreement; and the provisions in the Agreement regarding payment of Class Counsel's attorneys' fees and costs appear reasonable under the circumstances. The Court further finds upon preliminary evaluation that the Agreement substantially fulfills the purposes and objectives of this class action, and provides substantial relief to the Class, without the cost, risk or delays of further litigation at the trial and appellate levels.

      It is hereby ORDERED that:

      1.    *Proposed Settlement.* The proposed settlement between the plaintiff class and the defendants appears to be within the range of reasonableness and is granted preliminary approval, subject to Defendant's payment of $250,000 by October 9, 2007, in accordance with ¶ 2.6 of the Settlement Agreement and Release. Upon timely payment of the $250,000, the proposed settlement shall accordingly be submitted to the Class members for their consideration and for a hearing under Fed. R. Civ. P. 23(e).

      2.    *Hearing.* A hearing shall be held in Courtroom 5A of the United States District Court, District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ, 08101, on Monday, December 10, 2007 at 3 p.m. 2007, to consider

---

[1] The Fourth edition of the *Manual for Complex Litigation* was released in 2004, and does not include this precise language, but instead suggests that if a court has "reservations" about any of the issues described, it should "raise questions . . . and perhaps seek an independent review . . . ." *Manual 4th* § 21.632. The end result is the same.

whether the settlement is fair, reasonable, and adequate and should receive the court's final approval.

        a.    Objections by Class Members to the proposed settlement will be considered if filed in writing with the clerk on or before November 19, 2007.

        b.    At the hearing, Class members may be heard orally in support of or in opposition to the settlement, provided such persons file with the clerk by November 19, 2007 , a written notification of their desire to appear personally, indicating (if in opposition to the settlement) briefly the nature of the objection.

        c.    Counsel for the Class and for the defendants should be prepared at the hearing to respond to objections filed by class members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved.

        3.    *Notice.* Contingent upon the payment of $250,000 by October 9, 2007, in accordance with ¶ 2.6 of the Settlement Agreement and Release, and ¶ 1 of this Order, the parties to the proposed settlement shall, within 21 days of the entry of this Order, cause to be mailed in the name of the clerk, by first class mail, postage prepaid, to members of the class the Notice attached as Exhibit B to this Order with the Claim Form attached as Exhibit C included.

        4.    **Dates:** The Court hereby adopts the following dates and deadlines:

| | |
|---|---|
| November 19, 2007: | Opt Out Period ends; last day for Class Members to submit a Request for Exclusion (to opt-out of the Settlement); last day for Class Members to submit objections to the Agreement. |
| November 28, 2007: | Last day for filing and service of papers in support of final Settlement approval and requests for attorneys' fees and costs. |
| December 10, 2007, at 3p.m: | Final Fairness Hearing. |

Dated: September ___, 2007

By: _____

HONORABLE JOSEPH E. IRENAS
United States District Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BART DAL PONTE, individually and for all others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>AMERICAN MORTGAGE EXPRESS CORP.<br><br>        Defendant. | Civil Action No. 04-2152 (JEI) |

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into as of September 5, 2007, among American Mortgage Express Corp., *et al.* and Bart Dal Ponte, the Representative Plaintiff (as defined in Paragraph 1 hereof); and on behalf of the Plaintiff Class;

## RECITALS

1.      On May 6, 2004, Representative Plaintiff Bart Dal Ponte commenced the above-captioned action (the "Action") against American Mortgage Express Corp and its subsidiary, d/b/a American Residential Lending Corp. (hereinafter collectively referred to as "AMX"), asserting claims under the Federal Truth In Lending Act ("TILA"), 15 U.S.C. 1601, the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-2 et seq., and the common law of contract and unjust enrichment, arising out of AMX's alleged failure to close Mr. Dal Ponte's two mortgage loans at the interest rate locked in at the time of application;

2.      On April 17, 2006, an Order certifying this Action as a Class Action was entered by the Court, defining the class as follows:

> All consumers who applied for a loan with the Mount Laurel office
> of Defendant American Mortgage Express between May 1, 2003
> and July 23, 2003, paid for a locked-in interest rate, and were not
> given the locked-in rate by the Defendant.

3.     The Court approved a form of Notice of Pendency of this Class Action by Order

dated January 29, 2007, which directed Defendant to provide Plaintiff with a list of all persons

falling within the class definition;

4.     On April 26, 2007, the Court signed a Final Pretrial Order in this case;

5.     On or about May 4, 2007, AMX provided to Plaintiff a color-coded chart

indicating that a review of its records revealed that the number of individuals satisfying the class

definition was at most 167, a number which included 56 individuals who did not close with

Defendant because they had withdrawn their loan application according to AMX's files;

6.     Subsequent to the entry of the January 29, 2007 Order approving the form of

Notice, and during the period that AMX was reviewing its records to identify class members,

counsel for the Defendant provided information to Class Counsel, including confidential

financial data, to facilitate discussions regarding the possibility of settlement;

7.     The parties engaged in arms' length settlement negotiations that spanned more

than five months, and ultimately resulted in this Agreement, after the assistance of the Court in

conferences on April 26, 2007 and May 23, 2007;

8.     Subject to approval of the Court, the Parties desire to conclude the Action and to

settle and compromise all claims arising out of such Action that were asserted or maintained or

could have been asserted or maintained arising out of facts alleged in the Complaint in the

Action by Bart Dal Ponte and the Class against AMX, and jointly propose the terms and

conditions in this Agreement to provide economic benefits for Class Members, thereby resolving

the claims made without the burdens, costs and uncertainties of continuing the litigation;

2

## AGREEMENT

NOW, THEREFORE, in consideration of the premises and the mutual promises, agreements and covenants contained herein, including but not limited to the payments, release and dismissal of claims described below, and for all other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto stipulate and agree as follows:

### 1.    DEFINITIONS

1.1    "Action" means *Bart Dal Ponte v. American Mortgage Express, et al.*, Civil Action No. 04-2152 (JEI), United States District Court, District of New Jersey.

1.2    "Agreement" means this Settlement Agreement and Release.

1.3    "Settlement Amount" means the Common Fund of $120,000.00, plus the amount of $130,000 which Defendant has agreed to separately pay for attorneys fees and costs recoverable under the fee-shifting provisions of the TILA and CFA, N.J.S.A. 56:8-19, for a total of $250,000.00 cash to be tendered by AMX on October 9, 2007, in accordance with Paragraph 2.3 of this Agreement.

1.4    "Class Notice" means the Notice of Proposed Settlement preliminarily approved by the Court, and sent to the residence address of each Plaintiff pursuant to Paragraph 4.2 of this Agreement.

1.5    "Claim Form" means the form to be completed by a Plaintiff requesting an allocation under the Common Fund of this Agreement, and to be submitted to Class Counsel as provided in this Agreement, post-marked no later than forty-five (45) days after the date of the Notice of Proposed Settlement.

3

1.6     "Common Fund" means the fund of $120,000.00 to be paid by Defendant on October 9, 2007, and deposited into an account to be held for and distributed to members of the class in accordance with Section 3 below.

1.7     "Complaint" is defined in Recital 1 and is the Complaint filed by Bart Dal Ponte on behalf of himself and those similarly situated, against American Mortgage Express, Inc. and American Residential Lending Corp. on May 6, 2004, in the United States District Court for the District of New Jersey, commencing this Action.

1.8     "Court" means the United States District Court for the District of New Jersey.

1.9     "Defendant" means American Mortgage Express, Inc. d/b/a American Residential Leasing Corp.

1.10    "Defendant's Counsel" means Matthew R. McCrink, Esquire, of the law firm of McCrink, Nelson & Kehler and Fredric R. Cohen, Esquire, of the law firm of Sherman, Silverstein, Kohn & Podosky, P.A.

1.11    "Effective Date" of this settlement and this Agreement means the last date by which all of the following have occurred:

        1.11.1 The Settlement Order and Judgment is entered; and

        1.11.2 Thirty-one (31) days have passed after service of notice of entry of the Settlement Order and Judgment on the parties to this Action and all objectors to the settlement (but not including any opt-outs to the settlement), if any, without any appeals being taken, or if appeals or requests for review have been taken, orders have been entered affirming said Settlement Order and Judgment or denying review after exhaustion of all appellate remedies.

4

1.12    "Final Approval" means that the Court has entered a Settlement Order and

Judgment approving the settlement and this Agreement as final, fair, reasonable, adequate and

binding on all members of the Plaintiff Class who have not excluded themselves, ordering that

the cash distributions be made as provided in this Agreement, ordering the releases as set forth

in Section 5 of this Agreement, and dismissing this Action with prejudice.

1.13    "Parties" mean the Representative Plaintiff, and American Mortgage Express,

Inc. and its subsidiary, American Residential Lending Corp. and "Party" means any of said

Parties.

1.14    "Plaintiff" means the Representative Plaintiff, Bart Dal Ponte, and the members

of the Plaintiff Class.

1.15    "Plaintiff Class" is the class defined in Recital 2, in particular:

> All consumers who applied for a loan with the Mount Laurel office
> of Defendant American Mortgage Express between May 1, 2003
> and July 23, 2003, paid for a locked-in interest rate, and were not
> given the locked-in rate by the Defendant.

1.16    "Plaintiff's Counsel" means Donna Siegel Moffa of the law firm of Trujillo

Rodriguez & Richards, LLC, and Caryn Becker and Daniel Seltz of the law firm of Lieff,

Cabraser, Heimann & Bernstein, LLP.

1.17    "Preliminary Approval" of this Agreement means that the Court has entered an

Order preliminarily approving the terms and conditions of this Agreement, including the

manner of providing notice to the Plaintiff Class.

1.18    "Representative Plaintiff" means Bart Dal Ponte.

1.19    "Residence Address" for each member of Plaintiff Class means the last known

address of each Plaintiff Class member as reflected in the records in the possession of AMX as

updated through the National Change of Address database;

1.20    "Settlement Agreement" means this Settlement Agreement and Release.

1.21    "Settlement Order and Judgment" means a final order and judgment entered by the Court approving the settlement and this Agreement without modification (except as agreed in writing by the signatories hereto) as binding upon the Parties and Dismissing the Complaint in the Action with Prejudice.

1.22    "Settlement Payments" shall mean the total value of all Class Member claims, plus the $7,500 service award for Representative Plaintiff Bart Dal Ponte, as set forth in Paragraph 2.7.

## 2.    GENERAL SETTLEMENT TERMS

2.1    The recitals set forth above are incorporated herein by reference and are explicitly made part of this Settlement Agreement;

2.2    The Class on whose behalf this Settlement includes those individuals included in the definition in Recital 2 and Paragraph 1.15 above and who do not timely opt out of the class following the Notice of Proposed Settlement and Pendency.

2.3    American Mortgage Express, Inc. has agreed to tender the amount of $120,000.00, to be deposited into an escrow account to establish the Common Fund for distribution to class members who file valid claim forms in accordance with the terms herein, and has further agreed to pay, subject to Court approval, up to $130,000.00, an amount representing a compromise of the statutory attorneys fees and costs which would be due if the Plaintiff had prevailed in this litigation under the TILA and CFA, N.J.S.A. 56:8-2 *et seq.*, which amount will also be tendered in cash on October 9, 2007 and deposited.  The total of the amount tendered in accordance with this paragraph is collectively referred to herein as the

6

Settlement Amount. The distribution from the Common Fund will be on a *per capita* basis up to an amount of $1,200.00 per loan, with any residual to be distributed, upon Court approval, to reimburse Class Counsel for Settlement Administration Costs, to reimburse Class Counsel for litigation costs, and if any funds remain, to pay reasonable counsel fees not covered by the compromise amount of fees and costs that Defendant has agreed to pay separately.

2.4     The settlement provided in this Agreement shall be administered by the Class Counsel as provided in Sections 3 and 4 of this Agreement.

2.5     The gross settlement amount that AMX shall pay to settle this action is $250,000.00 to be paid and distributed in accordance with the paragraphs below.

2.6     AMX shall tender the total amount of $250,000.00 within one hundred and twenty (120) days of June 11, 2007 to be directly deposited into two escrow accounts, one to be established for the Common Fund and another to hold the funds agreed to be paid, subject to Court approval, for reasonable fees and costs pursuant to the statutory fee provisions under which this action was instituted as compromised by this Settlement. The monies received from AMX in settlement of the Lawsuit to establish the Common Fund may not be commingled with any other funds. The Common Fund may be held in cash, cash equivalents, certificates of deposit, or instruments backed by the full faith and credit of the United States Government.

2.7     Class Counsel will request, and Defendant will not object to, court approval of an award to Plaintiff's Representative, Bart Dal Ponte, in the amount of $7,500.00, to be paid out of the Common Fund, in recognition of his contribution to the Class of obtaining the benefits of this Settlement Agreement. The remaining balance of the Common Fund after distribution of the award to the Representative Plaintiff shall be referred to hereafter as the "Net Common Fund". Plaintiff's Representative, Bart Dal Ponte, shall also retain his right as a Plaintiff in this Action to

7

make a claim for his pro rata share from the Common Fund as described in paragraph 2.10 herein. Plaintiff's Representative, Bart Dal Ponte's incentive award shall be delivered to Bart Dal Ponte within five (5) days of the Effective Date.

2.8     The Net Common Fund shall be distributed to Claiming Class Members within one week after the Effective Date and subject to such further approval and further order(s) of the Court as may be required.

(a)     Each Class Member shall receive from the Net Common Fund his or her *pro rata* share to be determined by the number of Class Member claims made in accordance with this Agreement. The amount distributed from the Net Common Fund to each Class Member as to any one loan, shall not, however, exceed $1,200.00. If any Class Member has more than one eligible loan, s/he may make a claim as to each loan, and may receive .

(b)     Class Counsel will calculate the value of each Claiming Class Member's recovery from the Common Fund using the following formula:

> Total amount of the Net Common Fund divided by the total
> number of eligible loans from Claiming Class Members $= X$

> $X -$ amount paid to each Claiming Class Member

Each Claiming Class Member will be entitled to a recovery from the Common Fund based on that formula, up to the amount of $1,200.00 per eligible loan. Class Counsel may seek Court approval of, and AMX will not object to, an award of $130,000.00 from the amount tendered on October 9, 2007, for reimbursement of litigation and administrative costs plus reasonable fees.

2.9     Should the total Settlement Payments equal less than the Common Fund, the difference between the total Settlement Payments and the Common Fund may be distributed

8

within two weeks of the mailing of the rebate checks and shall be distributed in the following order:

> FIRST, Class Counsel shall be reimbursed for the documented costs of administration expenses described in paragraph 2.15 below;
>
> SECOND, Class Counsel shall be reimbursed for the documented costs incurred by Class Counsel in connection with the litigation of this Action; and
>
> THIRD, if funds remain after the FIRST and SECOND above are paid, the remaining amount shall be available, upon Court approval, to supplement the fees to be paid to Class Counsel from the compromise amount of statutory fees and costs that Class Counsel would receive if Plaintiff prevailed in this litigation that the Defendant has agreed to pay in settlement of this fund.

To the extent funds remain in the Common Fund 120 days after the checks are issued, those funds will be considered residue and also distributed in the manner set forth above.

2.10    Notwithstanding any other provision of this Agreement of Settlement, Class counsel may receive disbursement of awarded fees and expenses from the funds tendered for reimbursement of fees and costs within five days of the entry of the Final Order.  If fees and expenses have been disbursed from the Settlement Fund prior to the Effective Date pursuant to the first sentence of this paragraph, but the Final Order approving the settlement, or any award of attorneys' fees and expenses, is later overturned on appeal, or otherwise fails to become final, counsel receiving fees and expenses shall refund such payments for return to Defendant pursuant to Paragraph 6.10 below.

2.11    No portion of the funds provided by Defendant in connection with this Settlement shall be disbursed except as provided herein or by Order of the Court.

9

2.12    Aside from the amounts that may be reimbursed, upon application to the Court as provided herein, the costs of administration of the Settlement terms of this Agreement, including, without limitation, all fees and costs in processing Claim Forms as provided in this Settlement Agreement; the fees and costs of a Settlement Administrator; the costs of printing and mailing the Notice to Class Members; as well as all other costs of administering the Common Fund, including bank charges, taxes, and tax preparation and accounting fees and expenses (collectively, "Administrative Expenses") shall be borne by Class Counsel, subject to reimbursement pursuant to Paragraph 2.9 above.

### 3.    DISTRIBUTION OF SETTLEMENT

3.1    Any Plaintiff Class Member who files a completed Claim Form with the Settlement Administrator post-marked within forty-five (45) days of the date of the Notice of Proposed Settlement shall be entitled to receive a cash distribution as provided herein. Following Final Approval of the Settlement, such checks shall be mailed by Class Counsel within one week of the Effective Date of the Settlement as provided herein.

3.2    Neither Class Counsel nor AMX shall have any obligation to make any payment with respect to the following Plaintiff Class Members:

> 3.2.1    Those Plaintiff Class Members to whom a check is mailed but not cashed within one hundred and twenty (120) days after it is issued, and those Plaintiff Class Members to whom a check is mailed and subsequently returned by the U.S. Postal Service as undeliverable, if efforts to locate the class member on publicly available databases after the return of the check have failed to yield a good current address.  After the one hundred and

twenty (120) day expiration date has passed, such check shall become part of the residue of the Common Fund and shall be available for distribution as set forth herein.

3.2.2   Any Plaintiff Class Member who has not filed a written Claim Form with the Settlement Administrator within forty-five (45) days after the date of the Notice of Proposed Settlement and of the Fairness and Final Approval Hearing.

3.3   Within one hundred and eighty (180) days after the Final Approval Date, Class Counsel shall certify to the Court that the settlement distributions required by this Agreement, with the exception of any future distributions from the residue of the Common Fund, have been made. A copy of said Certification shall simultaneously be served upon counsel for the parties.

## 4.   CLASS SETTLEMENT PROCEDURES

4.1   As soon as possible after the signing of the Agreement, Class Counsel shall move for a Preliminary Approval order, preliminarily approving this Agreement and this settlement as within the range of reasonableness, approving notice to the Plaintiff Class as described in Paragraph 4.2 below, and setting a hearing to consider Final Approval of the settlement and any objections to its fairness.

4.2   Subject to the Court's approval as set forth in Paragraph 4.1 above, the Parties agree that within twenty-one (21) days after Preliminary Approval, Class Counsel shall prepare a class notice of the proposed settlement and hearing in a form approved by the Court which shall be sent by Class Counsel via first-class United States mail to the Resident Addresses of Plaintiff Class Members at the address available in AMX's records, as indicated by the National Change of Address database at or before the Fairness and Final Approval hearing, the Parties shall move

11

for a Settlement Order and Judgment granting Final Approval of this settlement and this Agreement as final, fair, reasonable, adequate, and binding on all members of the Plaintiff Class, awarding attorneys' fees and costs as provided in this Agreement and ordering payment of administrative costs as set forth in this Agreement, ordering that the cash distributions be made as provided in this Agreement, ordering the releases as set forth in Section 5, below, and dismissing the Action with prejudice.

4.3     This Agreement was entered into only for purposes of settlement. In the event that Final Approval of this settlement and this Agreement does not occur for any reason, then no term or condition of this Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Action, or in any other proceeding.

## 5.     RELEASES

5.1     The obligations incurred by American Mortgage Express, Inc. pursuant to this Agreement shall be a full and final disposition and settlement of all claims, actions, suits, obligations, debts, demands, rights, causes of action, liabilities, controversies, costs, expenses, and attorneys' fees arising out of the facts alleged in the Complaint, whatsoever known or unknown, which have been asserted, or could have been asserted in the Action based upon the facts alleged in the Action by the Plaintiff Class.

5.2     Upon Final Approval, the Representative Plaintiff shall release the individual claim asserted in this action and those members of the Plaintiff Class who have not timely excluded themselves shall be deemed to have agreed that: American Mortgage Express, Inc. and American Residential Lending Corp., their successors and/or assigns, shareholders, employees,

12

and/or agents shall be forever released and discharged from any claim, demand, action, cause of action or liability of any nature, that was or could have been asserted based on the facts alleged in this Action.

5.3     This Agreement reflects, among other things, the compromise and settlement of disputed claims, and neither the Agreement nor the releases given herein, nor any consideration therefore, nor any actions taken to carry out this Agreement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, or any point or fact of law on the part of any Party.

## 6.     MISCELLANOUS PROVISIONS

6.1     The Agreement shall be binding upon and inure to the benefit of the Parties and to their respective successors and assigns.

6.2     This Agreement and the exhibits attached hereto constitute the entire Agreement between the Parties with regard to the subject matter contained herein and all prior negotiations and understandings between the Parties shall be deemed merged into this Agreement.

6.3     No representations, warranties or inducements have been made to the Parties concerning this Agreement other than those representations, warranties and covenants contained in the Agreement.

6.4     No waiver, modification or amendment of the terms of this Agreement shall be valid or binding unless made in writing, signed by the Party to be charged and then only to the extent set forth in such written waiver, modification, or amendment.

6.5     Any failure by any Party to the Agreement to insist upon the strict performance by any other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions of this Agreement, and such Party, notwithstanding such failure, shall have the

13

right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

6.6     The Parties' counsel shall use their reasonable best efforts to cause the Court to give Preliminary Approval to this Agreement as promptly as possible, to take all steps contemplated by this Agreement to effectuate the settlement on the stated terms and conditions and to obtain Final Approval of this Agreement.  Upon Final Approval, Representative of Plaintiff agrees to dismiss with prejudice *Bart Dal Ponte v. American Mortgage Express, et al.*, Civil Action No. 04-2152 (JEI), United States District Court, District of New Jersey.

6.7     The Agreement shall become effective upon its execution by all of the undersigned.  The Parties may execute this Agreement in counterparts, and the execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.8     The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Agreement until such time as the Settlement Administrator submits a Certification, pursuant to Paragraph 3.3 of this Agreement, that the settlement distributions have been made as provided in this Agreement.

6.9     This Agreement, including its exhibits, was executed after arm's length negotiations between the Parties who were represented by counsel and reflects the conclusion of the Parties that this Agreement is in the best interest of all the Parties.

6.10    In the event that this Agreement does not get Final Approval or is vacated, Plaintiff and the Class are not entitled to the funds tendered on October 9, 2007, the funds shall be returned to Defendant, and the parties will otherwise be restored to their respective positions prior to the execution of this Settlement.

14

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the date it is executed by all of the undersigned.

**TERMS AGREED TO AND APPROVED AS TO FORM:**

On Behalf of Plaintiff Bart Dal Ponte
and the Class

On Behalf of Defendant American
Mortgage Express Corp and its
subsidiary, American Residential
Lending Corp.

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**

By: _____
  Donna Siegel Moffa, Esquire

**LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP**

By: _____
  Caryn Becker, Esquire
  Daniel Seltz, Esquire

**Attorneys for Plaintiff and the Class**

**MCCRINK, NELSON & KEHLER**

By: _____
  Matthew R. McCrink, Esquire

**Attorneys for American Mortgage
Express Corp. d/b/a American
Residential Lending Corp.**

15

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

## If You Applied For A Loan With The Mount Laurel Office
## Of American Mortgage Express,
## You Could Get A Payment From A Class Action Settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

The Settlement provides a monetary payment to applicants who did not receive the locked-in interest rate they paid for when they applied for a loan with American Mortgage Express. <u>You qualify if you:</u>

- Applied for a loan with the Mount Laurel Office of American Mortgage Express between May 1, 2003 and July 23, 2003;
- Paid for a locked-in interest rate;
- Were not given the locked-in interest rate; and
- Return a completed claim form.

**Your legal rights will be affected, and you have a choice to make now. This notice explains your legal rights and options—and when you must act to exercise them.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit A Claim Form** | **The only way to get a monetary payment.** |
| **Exclude Yourself** | **Receive no payment. Keep rights to independently sue.** This is the only option that allows you to ever be part of any other lawsuit against American Mortgage or its subsidiary about the same legal claims in this lawsuit.<br><br>To ask to be excluded, you must act before [date], 2007. |
| **Object To The Settlement; Go To The Hearing** | **Write to the Court about why you don't like the settlement.** You may also ask to speak to the Court at the hearing on _____ , 2007 about the fairness of the settlement, though you do not have to do so. To object, you must act before [date], 2007. |
| **Do Nothing** | **Remain in the Class, but get no payment. Give up certain rights.** By doing nothing, you will not receive any payment through the Settlement and you give up any rights to sue American Mortgage about the same legal claims in this lawsuit. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the settlement and after appeals are resolved.

**Questions?  Call (856) 795-9002**

720374.1

| WHAT THIS NOTICE CONTAINS | (Page) |
|---|---|

**I. BASIC INFORMATION** .............................................................................................................. 3
    1.    Why did I get this notice? ........................................................................................ 3
    2.    What is this Settlement about? .................................................................................. 3
    3.    What is a class action and who is involved? ............................................................ 3
    4.    Why is there a Settlement? ....................................................................................... 3

**II. WHO IS IN THE SETTLEMENT** ............................................................................................. 3
    5.    Am I part of this Settlement? .................................................................................... 3
    6.    I'm not sure if I am included. ................................................................................... 3

**III. THE SETTLEMENT BENEFITS – WHAT YOU GET** ............................................................. 4
    7.    What does the Settlement provide? ........................................................................... 4
    8.    What do I get from the Settlement? .......................................................................... 4

**IV. GETTING A REFUND OR DISCOUNT: SUBMITTING A CLAIM FORM** ............................... 4
    9.    How can I get a payment from the Settlement Fund? ................................................ 4
    10.   What Will I Get If I Fill Out And Submit A Claim Form? ........................................ 4
    11.   When will I get my payment? ................................................................................... 4
    12.   What am I giving up to get a payment or stay in the Class? ..................................... 4

**V. EXCLUDING YOURSELF FROM THE SETTLEMENT** .......................................................... 5
    13.   How do I get out of the Settlement? .......................................................................... 5
    14.   If I don't exclude myself, can I sue American Mortgage for the same thing later? ...... 5
    15.   If I exclude myself, can I get money from this Settlement? ....................................... 5
    16.   If I exclude myself, and I change my mind, can I get back into the Settlement? ........... 5

**VI. THE LAWYERS REPRESENTING YOU** ............................................................................... 6
    17.   Do I have a lawyer in this case? ............................................................................... 6
    18.   Should I get my own lawyer? ................................................................................... 6
    19.   How will the lawyers be paid? ................................................................................. 6

**VII. OBJECTING TO THE SETTLEMENT** .................................................................................. 6
    20.   How do I tell the Court that I don't like the settlement? ........................................... 6
    21.   What's the difference between objecting and excluding? .......................................... 7

**VIII. THE COURT'S FAIRNESS HEARING** ................................................................................ 7
    22.   When and where will the Court decide whether to approve the settlement? ............... 7
    23.   Do I have to come to the hearing? ............................................................................ 7
    24.   May I speak at the hearing? ...................................................................................... 7

**IX. IF YOU DO NOTHING** ......................................................................................................... 7
    25.   What happens if I do nothing at all? ......................................................................... 7

**X. GETTING MORE INFORMATION** ......................................................................................... 7
    26.   Are more details about the Settlement available? ..................................................... 7
    27.   How do I get more information? ............................................................................... 7

## I. BASIC INFORMATION

### 1.  Why did I get this notice?

Records from American Mortgage Express have identified you as a member of the Class entitled to the benefits of this proposed settlement. The purpose of this Notice is to inform you of the status of the lawsuit, including a statement of your rights with respect to the proposed settlement of the lawsuit, the opportunity to submit a claim form to receive your share of the settlement amount described below, the opportunity to file with the Court any objections you may have to the settlement of the lawsuit, and the opportunity to exclude yourself from the settlement of the lawsuit by "opting out."

This notice explains that the Court has tentatively approved the Settlement intended to provide Class Members with monetary payments. If you are in fact a Class Member, you have legal rights and options that you may exercise before the Court considers whether it will grant final approval to the proposed Settlement at the "Fairness Hearing." The Fairness Hearing is to decide whether the proposed Settlement is fair, reasonable, and provides adequate compensation and benefits to the members of the Class.

Judge Joseph E. Irenas of the District Court of New Jersey, Camden Division, is in charge of this case. The lawsuit is called *Dal Ponte v. American Mortgage Express Corp. et al.*, Civ. No. 04-2152.

### 2.  What is this Settlement about?

The Settlement settles the Applicant's claims in this case. The lawsuit claimed that in the summer of 2003, American Mortgage Express ("the Lender") implemented a mass cancellation policy of Applicants' loans, making up reasons to deny rates that it had locked for those Applicants. American Mortgage Express denies it did anything wrong.

### 3.  What is a class action and who is involved?

In a class action lawsuit, one or more people called "Named Plaintiffs" or "Class Representatives" (in this case, the Applicant, Bart Dal Ponte) sue on behalf of other people who have similar claims. The people with similar claims together are a "Class" and the individuals are called "Class Members."

American Mortgage Express is the Defendant.

The Court decides whether the proposed Settlement is fair, adequate and reasonable for everyone in the Class – except for those people who choose to exclude themselves from the Class, as explained below in Section V. (Question 13-16), below.

### 4.  Why is there a Settlement?

The Court did not decide in favor of the Applicant or Lender. The Applicant thought he would have won money if there had been a trial, and the Lender thought that Applicant would have won nothing.

There was no trial. Instead, both sides agreed to the proposed Settlement. That way, they avoided the cost of a trial, and the Class Members may get compensation and other benefits. The Class Representatives and the lawyers for the Class think the Settlement is best for all Class members.

## II. WHO IS IN THE SETTLEMENT

### You may be affected by this lawsuit.

### 5.  Am I part of this Settlement?

Judge Irenas decided that you are a member of the Class if you applied for a loan with the Mount Laurel office of American Mortgage between May 1, 2003 and July 23, 2003, and were not given the locked-in interest rate by American Mortgage.

### 6.  I'm not sure if I am included.

If you are still not sure whether you are included, you can get help by calling [phone number], or writing to the lawyers in this case, at the addresses listed in Question 27.

### III.  THE SETTLEMENT BENEFITS – WHAT YOU GET

#### 7.  What does the Settlement provide?

American Mortgage has agreed to create a fund of $120,000 (the "Settlement Fund") for distribution to Class members to compensate them for their damages. The distribution from the Settlement Fund will be on a per loan basis, with each claiming class member receiving the same amount for each qualifying loan, up to a maximum amount of $1,200.00 per loan .  The actual amount received by a class member for each qualifying loan will depend upon the total number of claims filed and will range from approximately $675 (assuming all class members file claims) to the per loan cap of $1200.  Subject to Court approval, Bart Dal Ponte, the Class Representative, will receive up to $7,500 for his role in representing the Class. The approved payment to the Class representative shall be paid from the fund prior to the distributions to claiming class members.

Class members shall release all claims against American Mortgage Express arising out of the facts alleged in this case.

**All of this is explained in more detail, below.**

#### 8.  What do I get from the Settlement?

**Payment from the Settlement Fund**

If you believe you are eligible for a payment from the Settlement Fund, you can choose to fill out and submit a Claim Form, and your payment will be calculated based on (1) the number of loans for which you paid for, but did not receive, a locked-in rate; and (2) the number of Class members who submit claims.

### IV.  GETTING A REFUND OR DISCOUNT: SUBMITTING A CLAIM FORM

#### 9.  How can I get a payment from the Settlement Fund?

To qualify for a payment from the Settlement Fund, you must complete and submit a Claim Form.  This form is included in this Notice package.  Please read this Notice and the form carefully, fill out the form, include all the information [and documents?] the form asks for, sign it, and mail it postmarked no later than [30 days from date of the Notice], 2007.

#### 10. What Will I Get If I Fill Out And Submit A Claim Form?

If you choose to complete a Claim Form you may receive a payment of between approximately $675 - $1200 per loan, depending on the number of Claim Forms received as set forth in section 7 above.

#### 11. When will I get my payment?

The Court will hold a hearing on [DATE], 2007, to decide whether to approve the settlement. If Judge Irenas approves the Settlement, there still may be appeals of his decision.  It is hard to estimate how long it might take for any appeals to be resolved, but it can take a lot of time, perhaps more than a year.

#### 12. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class. This means that you can't sue, continue to sue, or be part of any other lawsuit against American Mortgage Express concerning the legal issues in this case, ever again.  This applies to your own case, or any other case.  It also means that all of the Court's orders will apply to you and legally bind you.

The claims that the Class will be releasing includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, contracts, agreements and causes of action of every nature and description whatsoever, that were or could have been brought against American Mortgage Express between May 1, 2003 and [date], based upon or related to any of the facts or legal claims asserted in this case.

4

The complete description of the "Released Claims"—that is, all claims you will be giving up if you stay in the Settlement Class—is in the Settlement Agreement at [website].

## V. EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue American Mortgage on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself or is sometimes referred to as "opting out" of the Class.

### 13. How do I get out of the Settlement?

To ask to be excluded, you must send by mail a letter titled "Exclusion Request," asking to be excluded from the Class in *Dal Ponte v. American Mortgage Express Corp., et al.*, Civ. No. 04-2152. Be sure to include your name and address and sign the letter, and include the following statement: "I wish to opt out of this Settlement of the *Dal Ponte v. American Mortgage Express Corp.* case."

You must mail your Exclusion Request postmarked by [DATE] to:

American Mortgage Express Settlement
Trujillo Rodriguez & Richards, LLC
8 Kings Highway West
Haddonfield, NJ 08033
(856) 795-9887 – facsimile
and
Fredric R. Cohen, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.
Fairway Corporate Center
4300 Haddonfield Road, Suite 311
Pennsauken, NJ 08109
(856) 662-0165 – facsimile

If you ask to be excluded, you will not get any benefits under the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) American Mortgage Express as part of any other lawsuit about the same legal claims that are the subject of this lawsuit. If you do so, you will have to hire and pay for your own lawyer for that lawsuit or represent yourself, and you will have to prove your claims. If you have questions, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations (meaning that the time limit for you to file a lawsuit may be running out).

### 14. If I don't exclude myself, can I sue American Mortgage Express for the same thing later?

No. Unless you exclude yourself, you give up any right sue, continue to sue, or be part of any other lawsuit against American Mortgage Express about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you even if you do not submit a claim form.

If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is [DATE], 2007.

### 15. If I exclude myself, can I get money from this Settlement?

No. If you exclude yourself, please do not send in a Claim Form to ask for a payment from the Settlement Fund. However, you may sue, continue to sue, or be part of a different lawsuit against American Mortgage Express or its subsidiaries.

### 16. If I exclude myself, and I change my mind, can I get back into the Settlement?

If you exclude yourself from the Class and Settlement, and later decide that you want to participate in the Settlement, you can withdraw or rescind your exclusion request by submitting a "Rescission of Exclusion Request" to Class Counsel. If you change your mind you should send Class Counsel a statement that includes your name, address, and telephone number and the following language:

5

720374.1

I previously submitted a request to Opt Out of the Settlement of the *Dal Ponte v. American Mortgage Express Corp.* case. I have reconsidered and wish to withdraw my request to Opt Out.

You should sign and date the statement and send it, no later than [DATE] to Class Counsel at

American Mortgage Express Settlement
Trujillo Rodriguez & Richards, LLC
8 Kings Highway West
Haddonfield, NJ 08033
and
Fredric R. Cohen, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.
Fairway Corporate Center
4300 Haddonfield Road, Suite 311
Pennsauken, NJ 08109

## VI. THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

The Court decided that the law firms of Trujillo Rodriguez & Richards, LLC and Lieff, Cabraser, Heimann & Bernstein, LLP, are qualified to represent you and all Class Members. Together these law firms are called "Class Counsel". They are experienced in handling class actions and similar cases involving consumer protection and mortgage lending.

### 18. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you may hire one, but you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

### 19. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to them of up to $130,000. Residual funds in the Settlement Fund after distribution to all Class members submitting Claim Forms will be used, with Court approval, to reimburse Class Counsel for administration of this Settlement, costs incurred during litigation, and to pay reasonable counsel fees not covered by the compromise amount of fees and costs that Defendants have agreed to pay separately.

The Court may award less than these amounts. American Mortgage has agreed not to oppose these fees and expenses.

## VII. OBJECTING TO THE SETTLEMENT

**You can tell the Court that you don't agree with the settlement or some part of it.**

### 20. How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must send a letter saying that you object to the proposed Settlement in *Dal Ponte v. American Mortgage Express Corp. et al.*, Civ. No. 04-2152. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail the objection to the following address by First Class U.S. Mail, postmarked no later than [DATE], 2007, to the following address:

American Mortgage Express Settlement
Trujillo Rodriguez & Richards, LLC
8 Kings Highway West
Haddonfield, NJ 08033

**21. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## VIII. THE COURT'S FAIRNESS HEARING

**The Court will hold a hearing to decide whether to approve the Settlement.
You may attend and you may ask to speak, but you don't have to do either.**

**22. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing in this case on [] , 2007, at [] a.m./p.m. in Courtroom 5A of the United States District Court, District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ, 08101.

At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Irenas will listen to people who have asked to speak at the hearing.

The Court may also decide how much to pay to Class Counsel in fees and expenses. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**23. Do I have to come to the hearing?**

No. Class Counsel will answer any questions Judge Irenas may have. Of course, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**24. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Dal Ponte v. American Mortgage Express Corp. et al.*" Be sure to include your name, address, telephone number, and your signature.

Your Notice of Intention to Appear must be postmarked no later than [DATE], and be sent to Class Counsel at the address in Question 27. You cannot speak at the hearing if you excluded yourself.

## IX. IF YOU DO NOTHING

**25. What happens if I do nothing at all?**

If you do nothing, you'll get no money from this Settlement. If you do not exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against American Mortgage about the legal issues in this case, ever again.

## X. GETTING MORE INFORMATION

**26. Are more details about the Settlement available?**

Yes. This Notice summarizes the proposed Settlement; more details are in the proposed Settlement Agreement. You can get a copy of the Settlement Agreement by contacting Class Counsel. Also, the documents filed in this action are available for review during normal business hours at the offices of the Clerk of the Court, United States District Court, District of New Jersey, Fourth and Cooper Streets, Camden, New Jersey, 08101.

**27. How do I get more information?**

For more information, you may contact Class Counsel at the addresses below:

**Lead Class Counsel**                    **Defense Counsel**

Donna Siegel Moffa
Trujillo Rodriguez & Richards, LLC
8 Kings Highway West
Haddonfield, NJ 08033
Telephone: (856) 795-9002
Facsimile: (856) 795-9887

Kelly M. Dermody
Caryn Becker
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Daniel Seltz
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Matthew R. McCrink
McCrink, Nelson & Kehler
475 Route 73 North
West Berlin, NJ 08091-2003
Telephone: (856) 768-0033
Facsimile: (856) 768-7243

Fredric R. Cohen, Esquire
Sherman, Silverstein, Kohl, Rose &
Podolsky, P.A.
Fairway Corporate Center
4300 Haddonfield Road, Suite 311
Pennsauken, NJ 08109
Telephone: (856) 662-0700
Facsimile: (856) 662-0165

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION. ALL QUESTIONS ABOUT THIS NOTICE OR THE CLASS ACTION SHOULD BE DIRECTED TO SETTLEMENT CLASS COUNSEL.**

You may also seek the advice and counsel of your own attorney at your own expense, if you desire.

Dated: _____, 2007     By Order of the Court

_____
Hon. Joseph E. Irenas
United States District Court

720374.1

## <u>ATTENTION</u>

**In order to receive a payment or discounted bill from this settlement**, you must complete a Claim Form and:

- return it by postage prepaid U.S. First Class mail, postmarked no later than [DATE], OR

- delivered it by any other means no later than [DATE], to the following address:

**Class Counsel**
*[address]*

**If you do not submit a Claim Form and you do not request to be excluded from this settlement:**

- you will not receive any payment in connection with this Settlement;

- you will be legally bound by the Settlement if it is approved by the Court;

- you will not be able to bring a separate lawsuit against American Mortgage or any of its subsidiaries relating to the matters raised in this Class Action.

# EXHIBIT C

## CLAIM FORM

**IF YOU APPLIED FOR A LOAN WITH THE MOUNT LAUREL OFFICE OF DEFENDANT AMERICAN MORTGAGE EXPRESS BETWEEN MAY 1, 2003 AND JULY 23, 2003, PAID FOR A LOCKED-IN INTEREST RATE, AND WERE NOT GIVEN THE LOCKED-IN INTEREST RATE BY DEFENDANT and you did not exclude yourself from the Settlement Class and you wish to receive your share of the settlement, then you must complete and return this form postmarked NO LATER THAN MM/DD/YY:**

**CLASS MEMBER INFORMATION (PLEASE PRINT):**
CLASS MEMBER NAME: _____
ADDRESS: _____
CITY, STATE, ZIP CODE: _____
TELEPHONE:  Day: _____  Night: _____

_____

I certify under penalty of perjury to the best of my knowledge, information and belief the information provided herein is true and correct..

_____        Dated: _____
     Signature

To be eligible for a cash distribution under this settlement, you must mail this form to the address below.
All completed claims must be postmarked by MM/DD/2007, and mailed to:

   American Mortgage Express Settlement
   Trujillo Rodriguez & Richards LLC
   8 Kings Highway West
   Haddonfield, New Jersey 08033

**IF YOU FAIL TO SUBMIT A TIMELY CLAIM POSTMARKED BY *MM/DD/YY*, YOU WILL NOT RECEIVE YOUR PORTION OF THE SETTLEMENT**